**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Eric Vancleave, | ) | Civil Action No. 0:20-99-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bryan Stirling, Commissioner, South Carolina Department of Corrections; Michael Stephan, Warden of Broad River Correctional Institution, | ) ) ) ) ) | |
| Respondents. | ) ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 23) recommending the Court grant Respondents' motion for summary judgment (Dkt. No. 16) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondents' motion for summary judgment.

**I.    Background**

Petitioner Eric Vancleave is an incarcerated person seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. As the Magistrate Judge comprehensively details, on September 30, 2010, Petitioner was indicted on two counts of criminal sexual conduct with a minor, second degree and two counts of lewd act upon a minor. (Dkt. No. 15-1 at 19-26). The case was originally set for trial on February 25, 2013, but on that day four new indictments were true billed and issued by the Barnwell County Grand Jury. (*Id.* at 7-14). The indictments included: criminal sexual conduct with a minor, lewd act upon a child, assault and battery of a high and aggravated nature, and criminal sexual conduct, third degree. Petitioner moved to dismiss the new indictments as a violation of his right to a speedy trial and due process, but the trial court continued the case until

-1-

April 1, 2013. (*Id.* at 59-70). Petitioner was found guilty on all charges and sentenced twenty years imprisonment, with all sentences to run concurrently. (*Id.* at 392-393).

Petitioner appealed his conviction to the South Carolina Court of Appeals. (Dkt. No. 15-1 at 425). Along with other issues, Petitioner argued the trial court violated his right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution for failing to dismiss the four new 2013 indictments. (*Id.* at 431). The Court of Appeals affirmed the conviction by an unpublished *per curiam* opinion on December 10, 2014. (Dkt. No. 15-2 at 17). The South Carolina Supreme Court, denied Petitioner's appeal on June 17, 2015. (Dkt. Nos. 15-1; 15-4). Petitioner then filed an application for post-conviction relief ("PCR"), which the PCR court dismissed, finding among other things that trial counsel was not ineffective for failing to present alibi evidence. (Dkt. No. 15-3 at 117, 129-31). Petitioner appealed the denial of his PCR application by filing a petition for writ of certiorari in the South Carolina Supreme Court and argued among other things that the PCR court erred in rejecting his claim that trial counsel was ineffective for failing to present the alibi evidence. (Dkt. No. 15-7). The case was transferred to the South Carolina Court of Appeals and the petition was denied. (Dkt. No. 15-10).

On January 9, 2020, Petitioner filed the instant petition for writ of habeas corpus raising two grounds for relief. (Dkt. No. 1). First, Petitioner argues the South Carolina Court of Appeals erred in affirming the trial court's denial of Petitioner's motion to dismiss the February 2013 indictments as a violation of Petitioner's right to speedy trial. (*Id.* at 4). Second, Petitioner argues the PCR court erred in failing to find that trial counsel was ineffective for failing to present evidence of Petitioner's alibi. (*Id.* at 13). Respondents filed a motion for summary judgment seeking to dismiss the petition. (Dkt. No. 16). Petitioner filed a response in opposition and Respondents filed a reply. (Dkt. Nos. 20; 21). The Magistrate Judge issued an R & R

recommending the Court grant summary judgment and dismiss the petition. (Dkt. No. 23). Petitioner filed objections to the R & R and Respondents replied to Petitioner's objections. (Dkt. Nos. 27; 28). The matter is ripe for the Court's adjudication.

## II.     Legal Standard

### a)  Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner filed objections to the R & R so the Court reviews it *de novo*.

### b)  Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d

1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### c) Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state

court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id*. at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id*.

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**III.     Discussion**

After careful review of the R & R, the parties' arguments, the record on summary judgment, and Petitioner's objections to the R & R, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition should be denied.

Regarding Ground One, upon a review of the record, the Court finds the Magistrate Judge correctly found the South Carolina Court of Appeals' ruling on this issue was not based on an unreasonable application of federal law.  The Court of Appeals confirmed Petitioner's convictions in an unpublished *per curiam* opinion.  In addition, the Court of Appeals affirmed the trial court's denial of Petitioner's motion to dismiss the February 2013 indictments and relied on law that rejected speedy trial claims based on the purported prejudice of witnesses who became unavailable during the delay.  *State v. Chapman*, 344 S.E.2d 611, 613 (S.C. Ct. App. 1986); *State v. Robinson*, 518 S.E.2d 269, 272 (S.C. Ct. App. 1999); *State v. Smith*, 415 S.E.2d 409, 412 (S.C. Ct. App. 1992)).

The United States Supreme Court developed a four-part balancing test to determine whether a defendant was denied his right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009).  To prevail on a speedy trial claim, a Defendant must establish "that on balance, [the] four separate factors weigh in his favor."  *Hall*, 551, F.3d at 271.

The first factor is a double inquiry.  To trigger a speedy trial analysis, an accused must allege that the "interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial delay'" since a defendant cannot complain he was denied a

speedy trial if the government prosecuted his case with customary promptness. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). If the Defendant makes this showing the court must consider as one factor among several "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* The Supreme Court suggests that a delay is presumptively prejudicial when it approaches one year. *Id.* at 652. In this case, the Petitioner was arrested on April 1, 2010 and the case was tried on April 1, 2013. The three years between Petitioner's arrest and the case being tried is presumptively prejudicial and triggers a speedy trial analysis under *Barker.* (Dkt. No. 23 at 11).

The Magistrate Judge comprehensively analyzed Petitioner's speedy trial claim and applied the *Barker* factors to determine the factors do not weigh in Petitioner's favor. The second *Barker* factor requires the court to look at the reason for the delay. *Barker* instructs the Court to analyze the intent of the government and assign different weights for different reasons. The reason for delay could be characterized as valid, improper, or neutral. *Barker*, 407 U.S. at 531. Improper reasons for delaying a defendant's trial, such as a deliberate attempt to delay to hamper the defense should be weighted heavily against the government. *Id.* Neutral reasons such as negligence or overcrowded courts are weighed against the government but less heavily, but nevertheless should be considered since the ultimate responsibility rests with the government rather than the Defendant. *Id.* Valid reasons for delaying the trial, such as missing witnesses, should be weighed in favor of the government as a justifiable delay. *Id.*; *United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998).

The record does not conclusively indicate why Petitioner's prosecution was delayed for the first two years and two months after his arrest. Petitioner's case was first called for trial on February 25, 2013. On this day, the State indicated possible reasons for delay were: (1)

Petitioner's change of attorneys; (2) Petitioner's other pending charges in Lexington County; and (3) that Barnwell County only held court four times a year. On this day, the State issued four new indictments as a result of a conversation with the victim in preparation for trial. The new indictments greatly expanded the time frame of alleged abuse. (Dkt. No. 15-1 at 63-65). As a result of the new indictment, the trial judge continued Petitioner's trial until April 1, 2013. (*Id.* at 69-71).

The State's explanation that Petitioner's case was delayed due to pending charges in another county is considered a valid reason under *Barker*. *See Grimmond*, 137 F.3d at 828-829 (explaining that generally, waiting for another sovereign to finish prosecuting a codefendant is a valid reason for delay); *United States v. Thomas*, 55 F.3d 144, 150 (4th Cir. 1995) (finding that a valid reason for the federal government's delay in prosecuting the defendant is the defendant's pending state charges). Yet, the State's explanation is incomplete, and the State bears responsibility for trying the case. The Magistrate Judge correctly determined that, to the extent the case was delayed due to Petitioner's pending charges in another county, this is a neutral reason which weighs against the State, but not heavily. (Dkt. No. 23 at 13).

In addition, the record suggests that Petitioner's original counsel caused a delay in the prosecution of the case between April 1, 2010 to June 2012. Petitioner argues that his original counsel engaged in malfeasance and was disbarred. (Dkt. No. 20 at 5). More than two years after his arrest, Petitioner hired new counsel in June 2012. Although the actions of counsel are generally attributable to the defendant, *Vermont v. Brillon*, 556 U.S. 81, 90-91 (2009), the Magistrate Judge recognized that application of this rule would be unjust where defense counsel was not acting in Petitioner's best interests. (Dkt. No. 23 at 13). The Magistrate Judge appropriately determined that, to the extent the State's prosecution of Petitioner was delayed due

to the malfeasance of Petitioner's original counsel, such a delay was based on a valid reason and weighs in favor of the State. (*Id.* at 13). Thus, for the first two years and two months of Petitioner's prosecution the record indicates a valid reason and a neutral reason for the delay, but the record does not indicate how much of the delay is attributable to either reason.

In June 2012, Petitioner obtained new counsel who asserted his right to speedy trial for the first time on July 25, 2012. The Magistrate Judge conducted a separate analysis as to the reason for delay between the date Petitioner first asserted his right to speedy trial on July 25, 2012, the date the case was first called for trial on February 25, 2013, and the date Petitioner was actually tried, on April 1, 2013. The Magistrate Judge considered the second and third *Barker* factors in tandem. The third *Barker* factor considers the timeliness and vigor of the assertion of the speedy trial guarantee. The *Barker* Court noted that "whether and how a defendant asserts his right is closely related" to the other factors. *Barker*, 407 U.S. at 531-532. The "more serious the deprivation, the more likely a defendant is to complain." *Id.*; *Cain v. Smith*, 686 F.2d 374, 384 (6th Cir. 1982) ("The timeliness, vigor, and frequency with which the right to a speedy trial is asserted are probative indicators of whether a defendant was denied needed access to a speedy trial over his objection.")

Petitioner's first motion for speedy trial indicated that Petitioner's case would be "immensely impeded" if the case did not proceed with "the utmost speed." (Dkt. No. 15-1 at 44). The motion is conclusory and is not supported by evidence. A second motion for speedy trial was filed on January 13, 2013, a little over one month before the case was first called for trial on February 25, 2013. The motion indicated Petitioner was unable to find employment due to bond restrictions. (Dkt. No. 15-1 at 46). Petitioner did not provide evidence to support the motion and did not elaborate. The Magistrate Judge correctly determined that the motions did

not vigorously assert Petitioner's right as they made conclusory allegations that were unsupported.  Further, the second motion was filed only one month prior to Petitioner's original trial date.  The Magistrate Judge considered all of this and correctly determined that this weighs heavily against Petitioner.  *See Barker*, 407 U.S. at 531-32; *Thomas*, 55 F.3d at 150.  (Dkt. No. 23 at 14).

The Magistrate Judge also considered that part of the delay was due to limited terms of court in Bamberg County and the fact other matters were already scheduled.  The Magistrate Judge correctly determined that this is a neutral reason for delay that weighs against the State, but not heavily.  *Barker*, 407 U.S. at 531 (suggesting that overcrowded dockets are a neutral reason for delay). Last, the delay between February 25, 2013 and April 1, 2013 was caused because the State brought new charges as a result of a conversation with the victim while preparing for trial and the victim's inability to recall the dates of the abuse.  (Dkt. No. 15-1 at 62).  The Magistrate Judge correctly determined that this is a neutral reason for delay that is attributable to the State's error in preparing the indictments.  There is no evidence to suggest the State's error was motivated by an improper purpose.  *See Grimmond*, 137 f.3d at 828.  As such, the Magistrate Judge correctly concluded that this delay weighs against the State, but not heavily.  (Dkt. No. 23 at 15).

The fourth *Barker* factor is prejudice to the Defendant.  This factor requires the Court to analyze three factors: (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired.  *Barker*, 407 U.S. at 532.  Of these three factors, the last is the most serious because "the inability of a defendant to adequately prepare his case skews the fairness of the entire system."  *Id.*

As to the first factor, Petitioner was detained for approximately one and a half years prior to his release on bond, but there is no evidence to suggest his detainment was "oppressive". The Magistrate Judge correctly noted that Petitioner's incarceration weighs in his favor, but since Petitioner fails to produce evidence of particularized prejudice the factor is not weighed heavily in his favor. *United States v. Satterfield*, 254 F. App'x 947, 950 (4th Cir. 2007) (rejecting Defendant's speedy trial claim, stating that "although [Defendant] alleges prejudice due to loss of liberty and alleged inability to litigate his case, he does not establish any particularized prejudice, such as loss of witnesses or specific indication of witness memory loss."). As to the second factor, Petitioner does not point to evidence in the record that he suffered "anxiety and concern" as a result of the charges. *United States v. Ballard*, 727 F. App'x 757, 761 (4th Cir. 2018) (rejecting the defendant's speedy trial claim in part because he failed to show he was prejudiced by his conclusory assertion that he was unable to learn a living while accused and his generalized assertion of anxiety). The Magistrate Judge correctly determined that this factor weighs against Petitioner, though not heavily. (Dkt. No. 23 at 16).

As to the third factor, the Magistrate Judge ably concluded that this factor weighs heavily against Petitioner. *See Barker*, 407 U.S. at 532. Petitioner argues that two of his witnesses died while awaiting trial, but Petitioner provides no evidence to explain how the loss of these witnesses was prejudicial. The South Carolina Court of Appeals focused its analysis on Petitioner's lack of proof as to this point, finding that a defendant must make more than a bare assertion that the delay prejudiced the defendant because of witness unavailability. (Dkt. No. 15-2 at 17-20). The Court of Appeals' conclusion is not contrary to federal law. *United States v. Andrews*, 365 F. App'x 480, 485 (4th Cir. 2010) ("Although Andrews claims he was prejudiced due to loss of witnesses and an alibi defense, he has failed to identify any specific witnesses who

were unavailable to testify or could not accurately recall the events in question, and he does not contend that exculpatory evidence was lost or rendered unavailable by the delay.") (citing *Hall*, 551 F.3d at 273); *Barker*, 407 U.S. at 534 (finding "minimal prejudice" where the defendant waited over four years before he was tried on murder charges, was incarcerated for ten of those months, but failed to show significant evidence was lost due to time).  The Magistrate Judge ably concluded that the weight of the *Barker* factors does not favor Petitioner.[1]  Petitioner's assertion of his right to speedy trial and prejudice from the delay both weigh heavily against him.  Further, Petitioner fails to establish that the South Carolina Court of Appeals' decision was based on an unreasonable application of federal law.  As such, the court adopts the R & R that Petitioner is not entitled to relief as to Ground One.

As to Ground Two, upon a review of the record, the briefs, and objections to the R & R, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims for ineffective assistance of counsel should be denied. Petitioner claims his counsel was ineffective

---

[1] Petitioner objects to the R & R and argues the second *Barker* factor should be weighed heavily against the State because the State controls the docket and it could have called the case for trial at any time. (Dkt. No. 27).  The record reflects that numerous factors contributed to the delay calling Petitioner's case to trial that amount to a neutral reason against the State and a valid reason in favor of the State. In addition, Petitioner argues the third *Barker* factor should tip in his favor because his original trial counsel was not acting in his best interest and likely did not file a motion for speedy trial simply to drag out the case.  Along with when Petitioner first asserted his right, The Magistrate Judge also considered that the motions for speedy trial fail to vigorously assert his right as they were conclusory and without support. Petitioner objects to the R & R's finding he was not prejudiced by the delay because when the "government persistently fails to try an accused and the delay is excessive, the accused need not show actual prejudice in order to prevail in his speedy trial claim." *Doggett v. United States*, 505 U.S. 647, 657-58 (1992) (finding Defendant's speedy right to trial was violated when there was an 8.5 year delay between his indictment and arrest.)  Yet, *Doggett* also indicated that if after the threshold inquiry is satisfied and the second and third *Barker* factors are considered, all three of these factors weigh heavily against the Government, then the Defendant need not show actual prejudice to succeed in showing a violation of his speedy right to trial.  *Id.*; *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (citing *Doggett*).  In this case, the first three *Barker* factors do not all weigh heavily against the State.

for failing to present Petitioner's financial records to support Petitioner's alibi at trial. Generally, to demonstrate ineffective assistance of counsel, the Petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel, first Petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norm. *Id.* at 687. Second, Petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. As the United States Supreme Court has found, "[s]urmounting *Strickland*'s high bar is never an easy task . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The PCR court found that Petitioner failed to demonstrate trial counsel's performance was deficient and failed to present evidence to show any prejudice resulting from counsel's representation. At the PCR hearing, Petitioner testified that he produced to trial counsel financial records to show when and where he used his debit card over all holiday weekends between the alleged abuse period, but trial counsel did not introduce the records at trial. (*Id.* at 18, 20-21, 34). Trial counsel testified that Petitioner tried to come up with an alibi for every weekend in the indictment period, but it was impossible to do so. (Dkt. No. 15-3 at 85). Trial counsel testified that it "wouldn't have made a bit of difference" had they introduced the financial records at trial. (*Id.* at 87).

The PCR court found that Petitioner failed to produce any evidence that trial counsel was ineffective or that he was prejudiced by trial counsel's failure to introduce financial records as the financial records were not proper alibi evidence. (*Id.* at 129-130). The PCR court found that trial counsel made a strategic decision to focus on other defenses rather than an alibi because the

records did not strongly support Petitioner's alibi evidence. (*Id*). The Magistrate Judge ably concluded that Petitioner failed to show the PCR Court's decision is contrary to or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. (Dkt. No. 23 at 21). As such, the Court adopts the R & R that Petitioner is not entitled to relief as to Ground Two.

**IV.     Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner has not demonstrated the state court unreasonably applied law as determined by the United States Supreme Court, or that a decision was reached was on an unreasonable determination of the facts in light of the evidence presented at state court. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 23) as the Order of the Court and **GRANTS** Respondents' motion for summary judgment (Dkt. No. 16). The Court **DENIES** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

November 23, 2020
Charleston, South Carolina